[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10376
Non-Argument Calendar
_____

D.C. Docket Nos. 1:17-cv-23432-PAS,
1:15-cr-20985-PAS-1

MARIO JAVIER CEDENO-GONZALEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 10, 2018)

Before WILSON, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Mario Cedeno-Gonzalez pleaded guilty to one count of mail fraud under 18 U.S.C. § 1341. The district court denied Cedeno-Gonzalez's motion to vacate his 27-month sentence under 28 U.S.C. § 2255. Cedeno-Gonzalez now appeals, arguing that his conviction is invalid because his counsel furnished ineffective assistance under *Padilla v. Kentucky*, 559 U.S. 356 (2010) by failing to explain to him that he was pleading guilty to an aggravated felony that would not only render him removable, but would disqualify him from almost every form of immigration relief, making his removal virtually certain. Cendeno-Gonzalez also argues that the district court erred in not conducting an evidentiary hearing on his § 2255 motion. We disagree and affirm.

I.

In an appeal from a § 2255 proceeding, this Court reviews legal conclusions de novo and factual findings for clear error. *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). A claim of ineffective assistance of counsel is a mixed question of law and fact reviewed de novo. *Id.* To establish ineffective assistance of counsel, a defendant must show (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). We address each prong, in reverse order.

2

To establish prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In the context of a guilty plea, the defendant must show a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Post-hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies are generally insufficient. *See Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). Instead, contemporaneous evidence should be given the most weight. *Id.* When a defendant pleads guilty, his declarations under oath carry a strong presumption of truth. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

Cedeno-Gonzalez has not established prejudice. Any defect in his counsel's performance was cured by the plea agreement and plea colloquy. First, the plea agreement contained a specific paragraph explaining the possible immigration consequences of the plea. The agreement stated that Cedeno-Gonzalez wished to plead guilty "regardless of any immigration consequences," including "automatic removal from the United States."

Second, during the plea colloquy, the district court specifically asked Cedeno-Gonzalez if he understood the immigration consequences of the plea:

3

> And the first is that because you are not a citizen of the United States, you would be subject to deportation back to Venezuela, and you would not be able to return without the express written permission of the appropriate person in the Department of Homeland Security.  Are you aware of that fact?

Cedeno-Gonzalez responded that he understood.  When asked whether he understood that he "will never be able to return to the United States," he responded that he understood.  Cedeno-Gonzalez testified that he understood the terms of the plea agreement, and that he had the opportunity to read through every paragraph before signing it.

Cedeno-Gonzalez was given sufficient notice that he was subject to "automatic removal from the United States" and "would not be able to return."  His knowledge of the immigration consequences at the time of his plea indicate that he would have pleaded guilty even if his lawyer had informed him that deportation was virtually certain.  *See Hill*, 474 U.S. at 59–60, 106 S. Ct. at 370–71.

Next, "[w]hile we undertake a cursory examination of the performance of [Cedeno-Gonzalez's] counsel under the 'performance prong' of *Strickland,* we note at the outset that we may decline to reach the performance prong of the ineffective assistance test if convinced that the prejudice prong cannot be satisfied."  *Borden v. Allen*, 646 F.3d 785, 818 (11th Cir. 2011) (internal quotation marks omitted).  In *Padilla v. Kentucky*, the Supreme Court held that, to meet this

4

standard, "counsel must inform her client whether his guilty plea carries a risk of deportation." 559 U.S. 356, 374, 130 S. Ct. 1473, 1486 (2010).

Cedeno-Gonzalez acknowledged under oath at the plea colloquy, and concedes on appeal, that his counsel advised him of a risk of deportation. Having failed to establish prejudice, we need not decide whether, under the circumstances, this advice was constitutionally deficient under *Padilla*. "[T]here is no reason for a court deciding an ineffective assistance of counsel claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 697, 104 S. Ct. at 2069.

## II.

Cedeno-Gonzalez next argues that he was entitled to an evidentiary hearing on his § 2255 motion. We disagree. A district court's denial of an evidentiary hearing on a § 2255 motion is reviewed for abuse of discretion. *Winthrop-Redin*, 767 F.3d at 1215. A petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief. *Id.* at 1216. But the district court need not hold a hearing if the allegations are affirmatively contradicted by the record. *Id.* As discussed, the record affirmatively refutes Cedeno-Gonzalez's claim for prejudice. The district court's denial of an evidentiary hearing was thus not an abuse of discretion.

5

The district court did not err in denying Cedeno-Gonzalez's § 2255 claim or in not conducting an evidentiary hearing.  Accordingly, we affirm.

**AFFIRMED.**